UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

RANDY JENRETTE,  :
        Petitioner, :
         :
        v. : No. 17-cv-04799
         :
SUPERINTENDENT SCI GRATERFORD, :
THE DISTRICT ATTORNEY OF THE COUNTY :
OF PHILADELPHIA, and THE ATTORNEY :
GENERAL OF THE STATE OF :
PENNSLYVANIA, :
        Respondents. :
_____

**O P I N I O N**
**Report and Recommendation, ECF No. 9 – Adopted**

**Joseph F. Leeson, Jr.**                                                                         **October 31, 2019**
**United States District Judge**

**I.    INTRODUCTION**

In 2017, Petitioner Randy Jenrette filed a pro se writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the sufficiency of evidence for his conviction of attempted murder in the Philadelphia County Court of Common Pleas and alleging ineffective assistance of counsel for failing to investigate exculpatory witness testimony, failing to advise and consult on whether to testify, and for stipulating to the authenticity of handwritten letters.

Magistrate Judge Thomas J. Rueter issued a Report and Recommendation ("R&R") concluding there was sufficient evidence to convict Jenrette for attempted murder and his counsel was not ineffective for failing to investigate exculpatory witness testimony, for failing to advise and counsel on whether to testify, and for stipulating to the authenticity of handwritten letters. The Magistrate Judge recommends that the habeas petition be denied and that no certificate of appealability be granted.

Jenrette filed objections to the R&R. Specifically, he objected to the Magistrate Judge's conclusions regarding the sufficiency of evidence for his conviction of attempted murder and his ineffective assistance of counsel claim asserting his attorney failed to advise and consult on whether to testify at trial. After de novo review, this Court overrules the objections and adopts the findings and conclusions in the R&R. The habeas petition is denied.

## II.    STANDARD OF REVIEW

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made.  28 U.S.C. § 636(b)(1)(C); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989).  "District Courts, however, are not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b)." *Hill v. Barnacle*, 655 F. App'x. 142, 147 (3d Cir. 2016).  The "court may accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report.  28 U.S.C. § 636(b)(1)(C).

## III.    ANALYSIS

This Court has conducted de novo review and overrules Jenrette's objections to the R&R. Magistrate Judge Rueter thoroughly reviewed the issues presented in this case, and succinctly analyzed the facts and applicable legal authority.  The findings and conclusions in the R&R are adopted and incorporated herein.  This Court writes separately only to address Jenrette's objections.

In his objections, Jenrette asserts, "[t]he fact that the state courts reduced the *mens rea* under Pennsylvania law from specific intent (a premeditated and deliberate act) to malice (a criminally reckless act) denied [P]etitioner due process of law." *See* Objs., ECF No. 16. He cites

to *Commonwealth v. Predmore*, 199 A.3d 925 (Pa. Super. Ct. 2018) to support his theory. However, *Predmore* is inapposite to Jenrette's case. *Predmore* is a state habeas petition challenging the *mens rea* of attempted murder in which the petitioner initially aimed his weapon at the chest and face of the victim, pointed his weapon at the ground, allowed the victim to flee, and then fired his weapon at the victim three times with two bullets striking the victim in the calf. *Predmore*, 199 A.3d at 929. In this instance, Jenrette, unlike the petitioner in *Predmore*, did not point his weapon down after originally pointing it at the head and chest of the victim. Rather, Jenrette waited for the victim to exit the store he was patronizing, immediately pointed his weapon at the victim when the victim exited the store and fired five rounds at the victim as the victim attempted to flee striking him in the calf, ankle, and a graze wound to the hip. *See Commonwealth v. Reyes-Diaz*, 2014 WL 10936640, *13 (Pa. Super. Ct. 2014) (sustaining a conviction for attempted murder where the victim was shot through the upper leg, stating "[i]t is not necessary that the shooter actually hit a vital part of the body to sustain a conviction for attempted murder"), *appeal denied*, 628 Pa. 639 (Pa. 2014). Moreover, while *Predmore* was decided on direct appeal, the instant matter is before the Court on federal habeas review. A federal district court owes "considerable deference" to the state court. *See Coleman v. Johnson*, 566 U.S. 650, 656 (2012) (citing 28 U.S.C.§ 2254(d)). The Pennsylvania Superior Court determined that there was sufficient evidence to support Jenrette's conviction. Jenrette has failed to provide extraordinary or compelling reasons to depart from the state court's opinion. Accordingly, Jenrette's objection is overruled.

     Jenrette next objects to his counsel's performance for allegedly failing to consult and advise whether to testify. However, this objection is belied by the record. Jenrette's Second Amended PCRA Petition admits counsel consulted and advised whether to testify. *See* Second

Amended PCRA Petition ¶¶ 78-88. It is evident from Jenrette's own admissions his counsel discussed testifying and recommended not testifying because if Jenrette testified on his own behalf, he would subject himself to impeachment due to his prior criminal record. This decision was a matter of trial strategy. Resultantly, Jenrette's objection is overruled.

"Under the Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA'), a 'circuit justice or judge' may issue a COA [certificate of appealability] only if the petitioner 'has made a substantial showing of the denial of a constitutional right.'" *Tomlin v. Britton*, 448 F. App'x 224, 227 (3d Cir. 2011) (citing 28 U.S.C. § 2253(c)). "Where a district court has rejected the constitutional claims on the merits, . . . the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons set forth herein, jurists of reason would not find the Court's assessment debatable or wrong.

## IV. CONCLUSION

After de novo review, this Court agrees with the Magistrate Judge that the habeas petition lacks merit. Jenrette's objections to the R&R are overruled. This Court adopts the findings and conclusions in the R&R. The habeas petition is denied.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge